**THORPE NORTH & WESTERN LLP**
Jed H. Hansen (Admitted *Pro Hac Vice*)
Email: hansen@tnw.com
Joseph M. Harmer (Admitted *Pro Hac Vice*)
Email: joseph.harmer@tnw.com
175 South Main, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633

Attorneys for Plaintiff DA VINCI MEDICAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DA VINCI MEDICAL, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>BODYCENTRE, INC., a California Corporation<br><br>Defendant. | Case No.: 8:25-cv-01099-FWS-AGR<br><br>**AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT** |

 **THIS MATTER** is before the Court pursuant to Federal Rule of Civil Procedure 26(c) for entry of this Agreed Confidentiality Stipulation and Protective Order, with the consent and agreement of Plaintiff Da Vinci Medical, Inc. and Defendant Bodycentre, Inc. (each a "Party" and collectively, the "Parties"), governing the disclosure and protection of the Parties' confidential, proprietary, and trade secret information. To facilitate discovery while preserving and maintaining the confidentiality of certain documents that the Parties believe will be produced in this matter, and in the interests of justice, it is hereby **ORDERED AND ADJUDGED** as follows:

 1. This Confidentiality Stipulation and Protective Order ("Protective Order")

shall govern the use, dissemination, and disclosure of all information, documents, or materials that are produced in this action and designated as "Confidential" or "Confidential Attorney Eyes Only." This order does not govern the use of Confidential or Attorney Eyes Only information at trial. Such information used at trial shall become public absent a separate court order upon motion and compelling reasons shown.

2. Any Party may, in good faith, designate as "Confidential" or "Confidential Attorney Eyes Only" any documents, interrogatory answers, responses to requests for admission, deposition transcripts, documents marked as exhibits at any deposition, information or other written, recorded, or graphic material produced or disclosed in this litigation that the Party considers to be subject to this Protective Order (hereinafter the "Documents" or "Testimony").

3. The term "Confidential Information," as used in this Protective Order, shall mean all Documents and Testimony, and all information contained therein, if such Documents or Testimony contain: (a) proprietary business information, competitively sensitive information, information reflecting customer data, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business and/or operations or the business, operations, or dealings of any of that Party's customers, clients, or constituents; (b) trade secrets pursuant to applicable law; (c) confidential business, financial, research, development, or commercial information; (d) information entitled to protection under Federal Rule of Civil Procedure Rule 26(c); (e) information protected from disclosure by statute; or (f) personal, financial, or confidential information of third parties.

4. The term "Confidential Attorney Eyes Only Information" as used in this Protective Order shall mean all Documents and Testimony not in the public domain if, in the producing person's good faith belief, disclosure of such Documents or Testimony will violate a privacy or other common law, statutory, contractual, or

PROTECTIVE ORDER

2

constitutional protection or right of a person who is the subject of the Documents or Testimony. Such Documents and Testimony may include, but is not limited to, highly sensitive financial or trade secret information. It is intended that Documents or Testimony will only be designated as "Confidential Attorney Eyes Only" when the "Confidential" designation provided in this Protective Order will not otherwise sufficiently protect the privacy or other common law, statutory, contractual, or constitutional protection or right of a person who is the subject of the Documents or Testimony.

5. Confidential Information and Attorney Eyes Only Information shall also include "Protected Health Information" as defined and protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and regulations adopted thereunder, including 45 C.F.R. Parts 160, 162, and 164, 42 C.F.R. Part 2, and other applicable state and federal laws governing patient privacy and protecting healthcare information. This Protective Order is intended to serve as and shall be deemed a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v) and shall be construed in conformity therewith.

6. Nothing in this Protective Order shall limit the right of a Party to use Documents or Testimony that: (a) was lawfully in its possession prior to the initiation of this action; (b) was, is, or becomes public knowledge, not in violation of this Protective Order; (c) is acquired by the non-producing person from a third party who breached no legal obligation in providing the Document(s) to the non-producing person; or (d) becomes declassified under this Protective Order. The Parties shall not designate information as "Confidential" or "Confidential Attorney Eyes Only" for the purpose of interfering with the rights of the Party who received or sought such Documents or Testimony (the "Receiving Party") to conduct discovery.

**Confidential Information and Confidential Attorney Eyes Only Information**

7. Any Party to this action who produces or supplies Documents or Testimony

PROTECTIVE ORDER

3

used in this action (hereinafter, the "Designating Party" or the "Producing Party") may designate as "Confidential" or "Confidential Attorney Eyes Only" any such Documents or Testimony that it reasonably and in good faith believes (or with respect to Documents received from another person, that it has been reasonably advised by such other person) constitutes or contains Confidential Information or Confidential Attorney Eyes Only Information under the terms of this Protective Order. Depositions may be designated as confidential by indicating that fact on the record at the deposition. In the event that any deposition was not already designated "Confidential" and/or "Confidential Attorney Eyes Only" in whole or in part at the deposition, all depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and through fifteen (15) days after the transcript of the completed deposition is prepared and received by those counsel who ordered it. At or before the end of such fifteen-day period, the Producing Party shall identify those pages of the completed transcript that the Party deems to be confidential. If a hearing is scheduled less than thirty (30) days after a deposition, then the fifteen-day period referenced in this paragraph shall be reduced to a five (5) day period.

8. Where reasonably practicable, the designation of Documents or Testimony as Confidential or Confidential Attorney Eyes Only for purposes of this Protective Order shall be made by marking every such page "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as Confidential or Confidential Attorney Eyes Only by informing any Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is designated as Confidential or Confidential Attorney Eyes Only.

9. Confidential Information, and any and all information contained therein,

shall be given, shown, made available, or communicated only to the following:

a. The Court and its personnel in any judicial proceeding that may result from this action;

b. The Parties' counsel and employees of such counsel assigned to and reasonably necessary to assist such counsel in this action;

c. The named Parties, including any employees of the Parties to whom disclosure is reasonably necessary for the purposes of prosecuting, defending, or settling this action;

d. Any consultant, investigator, or expert (collectively, "Expert") who is retained by a Party as an Expert for the purposes of prosecuting or defending this action, and who has signed a Declaration in the form provided as Exhibit A;

e. Any person who is the author, addressee, or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position (unless the person indicates that he or she did not have access to the document);

f. Deposition witnesses during the course of their deposition testimony;

g. For purposes of witness preparation, a deponent who was noticed for a deposition or a witness who is on a witness list for hearing or trial, in preparation for their noticed deposition, hearing, or trial testimony where such Confidential Information is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however, that such Confidential Information can be shared with such person only in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Information and shall be required to sign a Declaration in the

form provided as Exhibit A;

h. Court reporters, stenographers, or videographers who transcribe or record testimony in connection with this action;

i. Outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as reasonably necessary for use in connection with this action, and who have signed a Declaration in the form provided as Exhibit A;

j. Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court; and

k. Any other person or entity to whom the Producing Party agrees, in writing, to allow access.

10. ~~Unless or until the Parties otherwise agree or the Court otherwise determines how Confidential Attorney Eyes Only Information shall be used in this action, such~~ Confidential Attorney Eyes Only Information and all information contained therein shall be given, shown, made available, or communicated only to the following:

a. The Court and its personnel in any judicial proceeding that may result from this action;

b. The Parties' counsel and employees of such counsel assigned to and reasonably necessary to assist such counsel in this action;

c. Any Expert who is retained by a Party as an Expert for the purposes of prosecuting or defending this action, and who has signed a Declaration in the form provided as Exhibit A;

d. A deponent, prior to or in the course of a deposition in this action, if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the Party who produced the information, document, or thing, or if the Producing Party consents to such disclosure, provided that such persons may be shown copies

PROTECTIVE ORDER

of designated material only during the course of preparation for or in the actual course of their deposition in this action, may not retain any designated material, and must be informed of the confidential nature of the materials;

e. Court reporters, stenographers, or videographers who transcribe or record testimony in connection with this action;

f. Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court; and

g. Outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as reasonably necessary for use in connection with this action, and who have signed a Declaration in the form provided as Exhibit A.

11. If a Party wishes to disclose Confidential Information or Confidential Attorney Eyes Only Information to any person not described in paragraphs 9 or 10 of this Protective Order because outside counsel for the Party has determined, in good faith, that such disclosure is necessary for the prosecution or defense of this action, permission to so disclose must be requested from the Designating Party in writing. If, within five (5) business days of the request for permission, the Designating Party objects in writing to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, this Court orders otherwise.

12. Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential or Confidential Attorney Eyes Only pursuant to the terms of this Protective Order. Prior to obtaining access to Confidential Information or Confidential Attorney Eyes Only Information, any person required by paragraphs 10 or 11 hereof to have signed a Declaration in the form provided as Exhibit A shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached hereto as Exhibit A. Counsel

for the Party obtaining a person's signature on the Confidentiality Acknowledgment attached hereto as Exhibit A shall retain the original signed acknowledgment or a copy thereof, and, if requested by the Designating Party, shall provide a copy of the signed acknowledgment to counsel for the Designating Party.

13. Where any Confidential Information or Confidential Attorney Eyes Only Information is included in any Court filing, such filing shall be ~~marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" and~~ filed with an application to file under seal pursuant to the Court's practices related to filing under seal. Pursuant to this Court's Local Rules and CM/ECF Policies and Procedures, the filing Party shall take all necessary steps to ensure that any such Confidential Information, Confidential Attorney Eyes Only Information, or information derived from Confidential Information or Confidential Attorney Eyes Only Information will be filed under seal by the Court. Nothing herein shall prevent the Parties from providing courtesy copies of pleadings, briefs, or memoranda to the Court, if requested by the Court. Nothing in this Protective Order shall be deemed to automatically permit a Party to file motions, responses, replies, exhibits, documents, or other materials under seal. Any sealed filings must comply with the Court's local rules. Submissions filed with the Clerk's Office are presumptively open and accessible to the public. A party seeking to file material under seal shall have the burden of demonstrating why sealing is appropriate under the legal standards applicable to the filing. ~~necessary especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion~~.

**General Provisions**

14. Except to the extent expressly authorized in this Protective Order, Confidential Information and Confidential Attorney Eyes Only Information shall not be used or disclosed for any purpose other than the preparation of this case, and any appeal therefrom, subject to the provisions of this Protective Order. Under no circumstances can Confidential Information and Confidential Attorney Eyes Only

Information be used in any matter, controversy, mediation, arbitration, or court action other than this action (or subsequent actions between the Parties or their affiliates arising out of or relating to similar conduct as alleged in this action).

15. Nothing in this Protective Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any document or information designated as Confidential Information. ~~, subject to the Federal Rules of Evidence and any other Party's objections to the admissibility or claims of confidentiality of the document or information. However, if a Party anticipates using or disclosing Confidential Information at trial or during a hearing (except for purposes of impeachment), it shall give the Designating Party at least three (3) business days' notice prior to its use or disclosure. Counsel for the Parties shall confer and attempt to agree before any hearing on the procedures under which Confidential Information and/or Confidential Attorney Eyes Only Information is to be introduced into evidence or otherwise used at such hearing. Upon reaching agreement, counsel for the Parties shall give notice of the terms of such agreement to each non-party producing any Confidential Information and/or Confidential Attorney Eyes Only Information which may be used or introduced at such hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information and/or Confidential Attorney Eyes Only Information at any hearing or trial upon reasonable notice to all Parties and non-parties who have produced such information. If a Party wishes to seal a portion of a hearing or trial on the basis that the testimony that will be presented qualifies as Confidential Information and/or Confidential Attorney Eyes Only Information, then that Party will timely raise the issue with the Court. The Court will then rule on whether that portion of the hearing or trial should proceed under seal. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraphs 10~~

~~and 11 and who have signed Exhibit A, where necessary, under this Protective Order.~~

16. Any summary, compilation, extract, note, description, copy, electronic image, or database containing Confidential Information or Confidential Attorney Eyes Only Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, extract, note, description, copy, electronic image, or database is made or derived.

17. The Party designating Documents or Testimony as Confidential or Confidential Attorney Eyes Only bears the burden of establishing confidentiality. A Party shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of production materials as Confidential or Confidential Attorney Eyes Only during the discovery period shall not be a waiver of that Party's right to object. Any Party may object to the designation of a Document as Confidential or Confidential Attorney Eyes Only by notifying the Designating Party in writing of that objection. The writing also must specify the Bates range or other identifying information corresponding to the beginning and end of each Document subject to objection as well as the Bates number or other identifying information of the particular page or pages of such Documents that actually contain the designated materials to which the objection is made. The Parties shall, within ten (10) business days of service of the written objection, confer concerning the objection. If the objection is not resolved, the objecting Party may, within twenty-one (21) days of the conference, but not later, attempt to resolve the dispute over the designation of the material in a manner consistent with the case scheduling order, the Local Rules, and the procedures of the assigned judges. Information subject to such a dispute shall be treated consistently with the designation unless and until ordered otherwise by the Court. With respect to any material that is re-designated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense,

provide to each Party which so requests additional copies of such Documents from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or have been removed as appropriate.

18. Except as otherwise provided in this Protective Order, in the event that additional persons or entities become Parties to this action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Confidential or Confidential Attorney Eyes Only material produced by or obtained from any other Producing Party until said party has executed and filed with the Court a copy of this Protective Order or as ordered by the Court.

19. The Parties agree that any non-party from whom discovery is sought in this action may obtain the protections of this Protective Order by giving written notice to the Parties that it ~~intends to be bound by the provisions of this Protective Order and~~ is designating that its provision of discovery is subject to the Protective Order. The subpoenaing or Receiving Party shall advise non-parties from whom they seek documents of the existence of this Protective Order and their right to obtain its protections. To the extent that any non-party produces Documents or Testimony in this action that contains Confidential Information or Confidential Attorney Eyes Only Information of a Party to this action, that Party may designate such Documents or Testimony as Confidential or Confidential Attorney Eyes Only for purposes of this Protective Order by delivering written notice of such designation to the Parties at or before receipt by any counsel for the Parties of the non-party's production of such Documents or Testimony.

20. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

21. If any Producing Party inadvertently fails to designate any information as Confidential or Confidential Attorney Eyes Only at the time of production or disclosure, that Party shall not be deemed to have waived, in whole or in part, any

PROTECTIVE ORDER
11

claim to such designation, either as to specific information disclosed or as to any other information on the same or related subject matter, provided that promptly after discovery of such omission, the Producing Party notifies all Parties in writing that such information constitutes or contains Confidential or Confidential Attorney Eyes Only Information.

22. If counsel for any Party receives notice of any subpoena or other compulsory process commanding production of Confidential Information or Confidential Attorney Eyes Only Information that a Party has obtained under the terms of this Protective Order, counsel for such Party shall notify the Designating Party in writing within five (5) business days of receipt of such subpoena or process and shall not produce such information until the Designating Party has had reasonable time to take appropriate steps to protect such information. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance. In order to give the Designating Party an opportunity to obtain such relief, the Party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

23. Nothing in this Protective Order shall be construed to require the disclosure of information, documents, or other tangible things that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, documents, or things that it contends is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other identified, applicable privilege or immunity, or sensitive Personal Identifying Information ("PII"), such as social security numbers and medical information, identifying where the privileged or immune material was redacted with the designation "Redacted - Privileged."

24. The inadvertent production of any document or information protected by

the attorney-client privilege, work product doctrine, or any other applicable privilege, doctrine, or protection shall, by itself, not constitute a waiver of any such privilege, doctrine, or protection, pursuant to Federal Rule of Evidence 502(d).

a. **Producing Party Notification.** Upon discovering that it has inadvertently produced privileged or protected material, the Producing Party shall promptly notify the Receiving Party in writing and identify the material at issue. Upon such notice, the Receiving Party shall promptly sequester, return, or destroy all copies of the identified material and shall not use or disclose the material for any purpose unless and until the claim of privilege is resolved.

b. **Receiving Party Notification.** If the Receiving Party becomes aware that it has received information that appears to be privileged or otherwise protected, it shall promptly notify the Producing Party and sequester the material pending resolution of the privilege claim.

c. **Challenge Procedure.** The Receiving Party may challenge the Producing Party's claim of privilege or protection by promptly bringing the matter before the Court. Pending resolution of the challenge, the Receiving Party shall not use or disclose the material. Any relief sought from the Court must be made in accordance with the Local Rules.

d. **No Use Pending Resolution.** In no event may the Receiving Party use or disclose the information until the claim of privilege or protection is resolved by agreement of the Parties or order of the Court.

25. Nothing in this Protective Order shall be deemed to be a waiver of any Party's right to oppose production or admissibility of any information or documents on any ground, including without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product of counsel, as not calculated to lead to the discovery of admissible evidence, or as not proportional to the needs of this case. The production subject to this Protective Order of Confidential Information or Confidential Attorney Eyes Only Information or

documents containing Confidential Information or Confidential Attorney Eyes Only Information shall not be deemed a waiver of any objection to the admissibility of such information and such documents or their contents that may exist under any applicable Rules of Evidence.

26. This Protective Order shall not preclude any Party from seeking and obtaining from the Court additional protection with respect to the issues addressed in this Protective Order. Any relief sought from the Court must be made in accordance with the Local Rules. No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the Party seeks, pursuant to the Local Rules, a ruling providing such special protection. The Parties agree that this Protective Order is without prejudice to any position the Parties may take in any other case.

27. ~~In the event that a Receiving Party seeks to use Confidential Information or Confidential Attorney Eyes Only Information during any hearing or trial before the Court, including through argument or the presentation of evidence, that Party will timely raise the issue with the Court. The Court will then rule on whether that portion of the hearing or trial should proceed under seal and whether such information shall retain its status as Confidential Information or Confidential Attorney Eyes Only Information through such use.~~

28. The provisions of this Protective Order shall continue with respect to any Confidential Information and Confidential Attorney Eyes Only Information until expressly released by the Producing Party and shall survive the conclusion of a final order or judgment in this action. Upon a request by the Producing Party to a Party or non-party, within thirty (30) days of said request and after the conclusion of this action, including the exhaustion of all appeals, all Confidential Information and Confidential Attorney Eyes Only Information in the possession of a Party or non-Party shall be returned to the producing Party or destroyed, at the election of the Receiving Party, including all documents incorporating information from

Confidential Information or Confidential Attorney Eyes Only Information, and all copies made thereof, including all documents or copies of documents provided by the Party to any other person, except that: (i) counsel may retain for its records its work product, a copy of court filings, depositions, deposition exhibits, and expert reports, and (ii) a receiving person may retain the aforementioned materials that are auto-archived or otherwise backed up on electronic management and communication systems or servers (including archives of sent or received emails), or as may be required for regulatory recordkeeping purposes; provided, however, that such retained documents described in this Paragraph subsections (i) and (ii) shall continue to be treated as Confidential and/or Attorney Eyes Only as provided in this Protective Order. If a receiving person chooses to destroy, rather than return, documents in accordance with this paragraph, that receiving person shall, if requested, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the aforementioned materials remains confidential, the terms of this Protective Order shall remain binding.

29. The Court shall have continuing jurisdiction to modify, enforce, interpret, or rescind this Protective Order, notwithstanding the termination of this action.

30. This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing contained herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential or Confidential Attorney Eyes Only by counsel is subject to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as a document-specific ruling shall have been made.

31. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients in connection with this action, and in the course thereof, relying on examination of Confidential or Confidential Attorney Eyes Only material; provided, however, that in rendering such advice and

otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

32. This Protective Order shall take effect when entered and shall be binding upon the counsel who signed below, their respective law firms, and their respective clients.

The foregoing Stipulation is hereby approved by the Court as a Protective Order, pursuant to Fed. R. Civ. P. 26(c).

**IT IS SO ORDERED**.

Dated: <u>May 5, 2026</u>

_Alicia G. Rosenberg_

_____

Hon. Alicia G. Rosenberg
United States Magistrate Judge

The terms and form of this Confidentiality Stipulation and Protective Order are hereby consented to:

THORPE NORTH & WESTERN LLP

By: */s/ Joseph M. Harmer*

Jed H. Hansen
Joseph M. Harmer
175 S. Main St., Suite 900
Salt Lake City, UT 84111
Telephone: 801-566-6633
hansen@tnw.com
joseph.harmer@tnw.com

*Attorneys for Defendant Da Vinci Medical, Inc.*

FISHERBROYLES, LLP

By: */s/ Glen L. Nuttall*

Glen L Nuttall (SBN 198230)
145 S. Fairfax Ave, Suite 200
Los Angeles, California 90036
Telephone: (949) 584-2774
Email: glen.nuttall@fisherbroyles.com

*Attorney for Defendant Bodycentre, Inc.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DA VINCI MEDICAL, INC., a Delaware Corporation<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BODYCENTRE, INC., a California Corporation<br><br>　　　　　Defendant. | Case No.: 8:25-cv-01099-FWS-AGR<br><br>**DECLARATION** |

I,_____ , being duly sworn on oath, state the following:

1. I have read and understand the Confidentiality Stipulation and Protective Order ("Protective Order") to which this Confidentiality Acknowledgment is attached, and I attest to my understanding that access to information designated "Confidential" or "Confidential Attorney Eyes Only" may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Protective Order. I agree to be bound by the terms, conditions, and restrictions of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information or Confidential Attorney Eyes Only Information. Upon a request by the Producing Party, I shall, within thirty (30) days of said request and after the conclusion of this action, including the exhaustion of all appeals, return or destroy all Confidential Information and Confidential Attorney Eyes Only Information provided to me in this litigation to

counsel for the Party that I represent. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, then I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated: _____     _____
                                 Signature

                                 _____
                                 Printed Name

                                 _____

                                 _____
                                 Address

                                 _____
                                 Party Represented

PROTECTIVE ORDER

2